## AS TO TRIAL OF MEMBERS OF COUNCIL.

Circuit Court of Cuyahoga County.

THE CLEVELAND ELECTRIC ILLUMINATING COMPANY V. EDMUND HITCHENS ET AL.

Decided, March 18, 1905.

*Municipal Corporations—Officers—Trial of.*

Section 225 of the municipal code has no application to the presentation and trial of charges against members of the city council.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This cause comes into this court on appeal and has been heard here on demurrer to the answers of the defendants. The object of the suit is to enjoin the members of council of the city of Cleveland from enforcing the production by plaintiff of its corporate books of account as evidence before council in the trial of charges presented by the mayor against certain members of council under Section 225 of the municipal code. The municipal code seeks to keep the legislative functions distinct from their executive functions. Section 116 provides that "the legislative power of every city shall be vested in, and exercised by, a council," the members of which are forbidden by Section 120 to hold any other public office or employment."

Section 123 provides that:

"The powers of council shall be legislative only, and it shall perform no administrative duties whatever, and it shall neither appoint nor confirm any officer or employe in the city government except those of its own body, except as may be otherwise provided in this act."

Section 128 provides that:

"The executive power and authority of cities shall be vested in a mayor, president of council, auditor, treasurer, solicitor, department of public service, department of public safety, and such other officers and departments as are created by this act."

The code not only does not mean to grant, but on the contrary it expressly prohibits to council the exercise of administrative power. Hence the phrase "other officers," in the section just quoted, can not be construed to include members of council. We think it is clear also that when in Section 225, the code provides for presentation by the mayor and trial by council of charges against "the head of any department or officers provided for in this act," the heads of departments and officers meant are those mentioned in Section 128. It is true that the words "office" and "officer" are sometimes used in the code with the broader meaning, so as to include members of council. But the code's express separation of the executive and legislative branches of city government seems to indicate a different construction of the provision of Section 225 making it "the duty of the mayor to have a general supervision over each department and the officers provided for in this act" and in proper cases to make charges against them.

This construction of Section 225 of the code does not result in exempting members of council from the presentation and trial of charges against them, for Section 121 of the code and Sections 1732 to 1736, Revised Statutes, make ample and express provision in that behalf. By every rule of construction we are bound to conclude that these provisions of law as applicable to members of council exclude the application to them of Section 225 of the code. The latter contains at most but a doubtful grant of corporate power in this behalf, and such a doubt must be resolved against the existence of the power. It is, moreover, a penal statute, and therefore it is to be strictly construed. Finally, express provisions of law covering the subject of the presentation and trial of charges against members of council must be held to exclude a resort to another similar statutory provision not clearly applicable to them.

Entertaining the view thus expressed we have not deemed it necessary to examine the other questions presented. The plaintiff may take a decree in accordance with the prayer of the petition.